ROYAL DIMOND, *Plaintiff in Error,*

*vs.*

JOHN H. DOWNING, *Defendant in Error.*

ERROR TO THE PORTAGE COUNTY COURT.

In replevin, under the general issue of *non detinet*, the defendant may give in evidence his own title to the property.

In such case, the plaintiff's right to recover depends upon his own right to the possession of the property, and the unlawful detention thereof by the defendant.

This was an action of replevin for one yoke of oxen, chains and other tackle thereto pertaining, commenced by the defendant in error (Downing) against the plaintiff in error (Dimond), before a justice of the peace of Portage county. The complaint was in the *detinet,* and the plea of the defendant was "not guilty." A trial was had before the justice upon the issue so joined, and it resulted in a judgment in favor of the plaintiff below. The defendant appealed to the County Court, where the cause was tried upon the same issue by a jury, which resulted in a verdict and judgment for the plaintiff.

The bill of exceptions discloses a very meagre case, but we have endeavored to arrive at a just comprehension of it, or, at all events, as fully as the materials furnished would allow.

It appears that Downing was in possession, on the 27th day of April, 1851, of a certain yoke of oxen and tackle, which Dimond claimed to own, and of which he claimed the right of possession. It also appears that Downing had, before that time, purchased

the oxen, &c., of a man by the name of Williams, and had paid for them; but the time of the purchase and the amount paid, or the manner in which Williams obtained possession, are not stated.

On the 27th of April, 1851, Dimond claimed the cattle of Downing as his own, and Downing delivered the same to him on the execution and delivery by him of the following receipt:

"*Lake House, Portage City,*
"Wis., April 27, 1851.

"Rec'd of John H. Downing one yoke of oxen, one trace chain, yoke and irons, on the 27th day of April, A. D. 1851, on the following conditions, viz: that if I do not satisfy him by satisfactory evidence that the said oxen, chains, and yoke and irons, are my personal property, when John H. Downing may be pleased to call on me for said proof, then I do hereby agree to deliver the said oxen and chains back to him, with all damages he may have sustained by loss of time or use of oxen, &c.

[Signed] "ROYAL DIMOND."

About the first of May, three days afterwards, Downing went to Dimond with a Mr. Strope, his attorney, by whom he was informed that he (Downing) had come to see him about the cattle mentioned in the receipt, and at the same time Strope gave to Dimond a copy of the receipt, and notified him that Downing was ready to hear the evidence that should convince him that he (Dimond) was the owner of the oxen, and that he could make the proof as he should see fit, and when he should get through, Downing would inform him whether the evidence was satisfactory. The parties went to the house of one McMillan, when several questions were put to and answered

by Mr. and Mrs. McMillan. The evidence was oral, not under oath, and consisted mostly of the statements of one Williams. After Dimond had offered his proof, Downing informed him that his evidence of ownership was unsatisfactory. No more evidence was then offered, and Downing demanded the cattle, tackle, &c., on the ground that Dimond had failed to make such proof of ownership as he had agreed to do in the receipt mentioned. Dimond refused to deliver up the property, and immediately afterwards Downing replevied it.

Upon these facts, after proof of value and damages, the plaintiff rested his case; when the defendant offered to prove " that the property mentioned in the said receipt, and in the plaintiff's declaration or complaint, was, at the time of the commencement of this suit, at the date of said receipt, and before that time, and still is, the property of the said defendant, and that he had good right to the possession of the same." The plaintiff objected to this evidence, on the ground that the issue in this suit was whether the defendant had performed his part of the agreement, as set forth in the receipt, and that the title to the property, previous to the receipt, was not in issue; that this trial was to determine the right of possession under the receipt. The court sustained the objection and rejected the evidence, and the defendant excepted. The jury returned a verdict in favor of the plaintiff, and judgment was thereon entered, and we now have the case before us on error.

The court below seems to have considered the defendant absolutely bound by the receipt of April 27, 1851, as much so as though the suit was brought upon that instrument. But the suit is not brought

upon the receipt; the gist of the action is the unlawful detention of the property. The receipt may become an item of evidence, by which the wrongful detention is to be established, but it is not the cause of action in this case. The plaintiff's right to recover depends upon his right to the possession of the property, and the unlawful detention thereof by the defendant.

The defendant in error founds his right to the possession of the property solely upon the receipt, or written paper, executed by the plaintiff in error. If Dimond, at the date of the receipt, was the absolute owner of the property, and entitled to the possession, and it had been unlawfully taken from his possession, he had thereby lost no right, but was entitled to reclaim it.

But there is a further objection to the instrument on which Downing seems to rely. It makes him a judge in his own case, according to the construction put upon it by the court below. No matter what kind or amount of proof Dimond might offer, or how conclusive in its nature, Downing himself must be satisfied, and he might declare it unsatisfactory, and Dimond would be remediless.

However, even admitting the instrument to be valid, for what it purports to be, if the plaintiff in error had brought reasonably satisfactory proof of his title, it ought to have been held sufficient. We are not advised what evidence he did furnish, nor is it material. The instrument, if not absolutely void, should receive a reasonable construction. If the defendant in error wished to base an action upon the receipt, this is not the proper form of action for that purpose.

The instrument is in the nature of an executory

agreement, and if Dimond had refused to perform, the proper action would be *assumpsit*, upon the contract. It gave no right to replevy the property. The action of replevin cannot be substituted, in such cases, for a bill in equity for specific performance. But even in such case Downing could not capriciously reject the evidence, but reasonable proof is all that should be required.

The pleadings in replevin put in issue the title to the property, or right of possession, when the suit is brought, and the court below erred in refusing to allow the defendant below to prove his right to the possession of, and his title to, the property at the time of the commencement of the suit.

The judgment of the court below is reversed with costs, and the cause remanded, &c.